710 A.2d 23

**Kelly A. SCHROEDER, Individually and as Administratrix of the Estate of Gary H. Schroeder, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Navistar International Transportation Corp., a/k/a International Harvester Co., and Sheets Truck Center Inc., Appellees.**

Supreme Court of Pennsylvania.

Argued March 3, 1997.

Decided April 1, 1998.

Reargument Denied Sept. 15, 1998.

244

David B. Dowling, Harrisburg, for Kelly A. Schroeder.

Matthew A. Hartley, Pittsburgh, Pennsylvania Trial Lawyers Ass'n, Amicus Curiae.

Robert J. Hafner, Thomas Finarelli, Philadelphia, for Navistar Intern. Transp.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NIGRO, Justice.

This case presents the Court's first opportunity to address whether product liability defendants and a non-product liability defendant are entitled to summary judgment when the plaintiff has allegedly failed to preserve a defectively-designed product. For the reasons discussed below, we reverse the Commonwealth Court's decision affirming the grant of summary judgment for Appellees.

Navistar International Transportation Corporation designed and manufactured the cab and chassis of a truck and sold them to Sheets Truck Center in August of 1986. Gary and Kelly Schroeder bought a truck containing these parts from Sheets in 1988. On May 5, 1991, Gary Schroeder was driving the truck southbound on a state road when he lost control. The truck crossed into the northbound lane of the roadway, struck an embankment, and turned over. At the time, the Department of Transportation (PennDOT) was doing construction work and had cut away the berm of the road. There were no eyewitnesses to the accident.

A police officer travelling to work came upon the truck and saw that the front wheels were still spinning. The roof on the driver's side was partially crushed. Schroeder was trapped inside. While the officer tried to help him, a fire ignited in the engine area and consumed the cab. According to the officer, Schroeder was alive until the fire broke out. Schroeder died at the scene.

The truck's remains were taken to a towing facility. Margala & Sons Salvage arranged to buy the wrecked truck through an insurance adjuster. Margala & Sons picked up the truck at the towing facility on June 14, 1991. On June 18, Kelly Schroeder's attorney asked Margala not to destroy the truck's cab until arrangements could be made to examine it. Margala agreed to store the truck for a fee. On July 26, Schroeder signed the truck's title over to her insurer, Great American Insurance Company. On August 6, Great American transferred ownership to Margala. By February of 1992, Margala had sold some of the truck's parts.

Kelly Schroeder filed wrongful death and survival actions against Appellees PennDOT, Navistar and Sheets Truck Center in the Washington County Court of Common Pleas in October of 1992.[1] Schroeder asserts in her complaint that Gary Schroeder lost control when a right wheel of his truck

1. Schroeder initially sued Appellees in July of 1992 in the United States District Court of the Western District of Pennsylvania. The case was dismissed on jurisdictional grounds and because the Eleventh Amendment bars suits against PennDOT in federal court.

dropped off the edge of the roadway where PennDOT had cut away the berm. She alleges that when Gary Schroeder tried to bring the truck back onto the roadway, it slid sideways across the road, struck the embankment, and flipped. Schroeder alleges that PennDOT's negligence included, among other things, the creation of a dangerous road condition and the failure to warn of its existence. Schroeder further asserts claims of negligence, strict liability, and breach of warranty against Navistar and Sheets for manufacturing and selling a truck that was not crashworthy.

Schroeder's expert examined the parts of the truck that Margala had not sold in December of 1992 and Navistar's expert examined them in March of 1993. PennDOT sought to examine the remains in June of 1993 and Margala ultimately told it that they had been sold. Alleging that Schroeder failed to preserve the truck for purposes of litigation, including the cab primarily at issue with respect to product liability, Appellees separately filed summary judgment motions in August of 1994. Appellees maintain that they are effectively precluded from defending Schroeder's claims.

■ Summary judgment may be granted when the pleadings, depositions, interrogatory answers, admissions, affidavits, and expert reports, if any, show that there is no genuine issue as to any material fact and that the record entitles the moving party to judgment as a matter of law. Pa. R. Civ. P. 1035.2.[2] In addition, "[o]ral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact." *Id.*, Note (citing *Nanty–Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932) and *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989)).

**2.** In support of the summary judgment motions, Navistar's counsel prepared several chronologies of events related to the truck itself and counsel's conduct in this litigation. While presumably submitted to aid the trial court, they may not be used to decide the motions under Rule 1035.2. In addition, as the trial court recognized, the parties attached certain letters to their briefs that similarly may not be relied upon.

The trial court granted Appellees' motions for summary judgment. It relied in part upon the Superior Court's decisions in *Roselli v. General Electric Co.*, 410 Pa.Super. 223, 599 A.2d 685 (1991), and *DeWeese v. Anchor Hocking Consumer and Industrial Products Group*, 427 Pa.Super. 47, 628 A.2d 421 (1993), where summary judgment was granted for defendants in product liability suits after the products at issue were destroyed. The trial court found that these cases were decided on the public policy grounds that destruction or loss of a product may prevent the defendant from preparing a defense. While acknowledging the rejection of *Roselli* in federal cases, the trial court stated that it was bound by the Superior Court's decision.

The trial court rejected Schroeder's argument that she tried to preserve the truck. Rather, the court found that she transferred its title and that her actions ultimately prevented Appellees from examining the vehicle as it existed after the accident. The trial court further rejected the argument that summary judgment was not warranted because Schroeder alleged a design defect common to other trucks. It stated that otherwise Schroeder would control Appellees' method of proof and preclude their experts from uncovering other causes for the accident.

The Commonwealth Court affirmed the grant of summary judgment for Appellees. It quoted *DeWeese* as holding that "where a plaintiff brings an action claiming that he suffered injury as a result of a defective product, his failure to produce the product for inspection by the defense will render summary judgment against him appropriate."[3] The Commonwealth Court found that the policy rationale of *Roselli* and *DeWeese* applies to Schroeder's design defect claims and that since she did not preserve the truck, summary judgment was appropriate. The court also concluded that Appellees were prejudiced by the loss of evidence since they would be unable to present causation defenses.

3. *Schroeder,* 676 A.2d at 730 (Pa.Commw.1996).

■ The Superior Court's decisions in *Roselli* and *DeWeese* are not dispositive of the issues in the present case. In *Roselli,* the plaintiff was injured when a coffee carafe shattered in her hand. She sued the manufacturer and alleged that the product malfunctioned.[4] The plaintiff lost the carafe's broken pieces before the defense could inspect them. The Superior Court affirmed a grant of summary judgment for the manufacturer based upon the spoliation of evidence. It reasoned that as a matter of public policy, requiring the plaintiff to produce an allegedly defective product discourages fraudulent claims and facilitates defending valid claims. 410 Pa.Super. at 227–28, 599 A.2d at 687–88. The court also found that the plaintiff failed to eliminate other possible causes of the malfunction given evidence related to the carafe's prior use. *Id.* at 230, 599 A.2d at 688–89.

In a dissenting opinion in *Roselli,* Judge Del Sole stated that it was the jury's function to weigh the testimony since the malfunction theory allows a plaintiff to prove a defect with circumstantial evidence. *Id.* at 231, 599 A.2d at 689. He believed that the plaintiff's burden of proof at trial served to protect the defendants and further found that a factual dispute existed related to the prior use of the carafe. *Id.*

*Roselli* does not apply here. As discussed further below, Schroeder alleges a design defect common to all trucks like her husband's truck—not the malfunction of one product. The burden of proof for these product liability claims is not the same. Moreover, Schroeder's claims against PennDOT concern the dangerous condition of the roadway and have nothing to do with a defective product. Thus, *Roselli* does not control whether the defendants in this case are entitled to judgment as a matter of law.

*DeWeese* is also a product malfunction case. More importantly, it did not produce a majority opinion. Judge Olszewski

---

**4.** Under a malfunction theory of strict liability, a plaintiff may prove a product defect with circumstantial evidence of the malfunction's occurrence and evidence eliminating other possible causes. *Rogers v. Johnson & Johnson Products, Inc.,* 523 Pa. 176, 182, 565 A.2d 751, 754 (1989).

authored an opinion discussing *Roselli* and finding summary judgment warranted because the plaintiff could not identify the product manufacturer. In a concurring opinion, Judge Ford Elliot agreed that summary judgment was warranted because of the plaintiff's inability to identify the manufacturer but disagreed with Judge Olszewski's reliance upon *Roselli.* She believed that *Roselli* was wrongly decided. Judge McEwen concurred in the result. At most, *DeWeese* stands for the principle that summary judgment is warranted when a plaintiff cannot identify a product manufacturer. That is not the case here. Thus, the Commonwealth Court's reliance upon *DeWeese* for the proposition that summary judgment is appropriate when a plaintiff cannot produce an allegedly defective product for inspection was erroneous.

The Third Circuit Court of Appeals addressed the appropriate sanction for the spoliation of evidence in a design defect case in *Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76 (3d Cir.1994). In *Schmid,* the plaintiff's expert altered an alleged defectively-designed product and the district court sanctioned the plaintiff by striking the expert's testimony. On appeal, the Third Circuit recognized that a common penalty for spoliation is a jury instruction allowing an inference that the missing evidence would have been unfavorable to the party that destroyed it. *Id.* at 78. [5] The court viewed prohibiting the expert's testimony as an extreme sanction. *Id.* at 79.

In deciding the proper penalty for the spoliation of evidence, the Third Circuit found relevant (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct. *Id.* Applying these factors, it held that barring all expert testimony because the expert disassembled the product to examine it was excessive.

**5.** The Pennsylvania Supreme Court adopted the spoliation inference in another context at the turn of the century in *McHugh v. McHugh,* 186 Pa. 197, 40 A. 410 (1898). *See also Beers v. Bayliner Marine Corp.,* 236 Conn. 769, 675 A.2d 829 (1996)(citing cases and adopting the rule of the majority of jurisdictions that allows the trier of fact to draw a spoliation inference).

*Id.* at 81. It found that the expert's fault was slight and that the prejudice to the opposing party was not great because the plaintiff alleged a design defect common to all products of the same model. *Id.*[6]

◾ Having considered this authority, we adopt the Third Circuit's approach to the spoliation of evidence in *Schmid.* Fashioning a sanction for the spoliation of evidence based upon fault, prejudice, and other available sanctions will discourage intentional destruction. The plaintiff's burden of proof at trial to establish that a defective product caused his injury will protect defendants in cases where it is determined that summary judgment is not warranted based upon spoliation.

◾ Applying the *Schmid* factors to this case, the product liability defendants are not entitled to summary judgment. With respect to fault, there is a factual dispute as to Schroeder's counsel's efforts to preserve the truck. While Edward Margala of Margala & Sons maintains that his agreement to preserve the truck ended in August of 1991, there is also evidence reflecting Schroeder's counsel's understanding that Margala & Sons was to preserve the truck after that date and bill her the cost of storage.[7]

Although recognizing this dispute of fact, the trial court nonetheless found Schroeder at fault for signing over the truck's title to her insurance company before filing suit. Schroeder's counsel, however, asked Margala & Sons to preserve the truck before title was transferred. There is no evidence of the circumstances surrounding the transfer of title. Although Schroeder's action ultimately led to the loss of

**6.** Since *Schmid,* several district courts have applied the Third Circuit's test and found summary judgment inappropriate even in cases where only a particular product was allegedly defective. *See, e.g., Howell v. Maytag,* 168 F.R.D. 502 (M.D.Pa.1996)(denying summary judgment); *Gordner v. Dynetics Corp.,* 862 F.Supp. 1303, 1307 (M.D.Pa.1994) (same).

**7.** *See* Navistar's Motion for Summary Judgment at Exhibit J (containing E. Margala's sworn statement and exhibits thereto) and Schroeder's Brief in Opposition to Summary Judgment at Exhibit F (containing affidavit of Schroeder's counsel).

the truck, the summary judgment motions do not support that the transfer was negligent or in bad faith. Given the request for preservation before the transfer and the conflicting evidence as to how long the preservation was to last, we cannot conclude, as our lower courts did, that Schroeder's fault entitles Appellees to summary judgment.

■ The second and third elements of the *Schmid* test also dictate that summary judgment is inappropriate. Since Schroeder's product liability claim is based upon a design defect common to all trucks of its kind, the prejudice to the Appellees is not great.[8] They can comparably test and examine other trucks for the alleged design defect. *See Schmid,* 13 F.3d 76 (discussing minimal prejudice in design defect cases).[9]

Since Appellees may test and inspect other trucks for the alleged design defect, a lesser sanction such as a jury instruction on the spoliation inference is warranted. Appellees may present evidence of spoliation at trial and the court may instruct the jury that it may infer that the truck's parts would have been unfavorable to Schroeder. In addition, Appellees may present evidence about the truck's alleged modification after its sale. While Appellees may be unable to present some evidence related to causation without examining the truck in the accident, the burden of proof remains with Schroeder to prove that a product defect caused her harm. Thus, summary

8. Specifically, Schroeder alleges that the truck was not crashworthy. Under this theory, she must prove (1) that the design of the vehicle was defective and that when the design was made, an alternative, safer, practicable design existed; (2) what injuries, if any, the plaintiff would have received had the alternative safer design been used; and (3) what injuries were attributable to the defective design. *Kupetz v. Deere & Co., Inc.,* 435 Pa.Super. 16, 27, 644 A.2d 1213, 1218 (1994).

9. In support of its summary judgment motion, Navistar submitted an employee's affidavit stating that the truck was altered after its sale. Schroeder states that Navistar withdrew this affidavit at oral argument. Navistar argues that the transcript reflecting the withdrawal of evidence is not part of the original record. Whether the affidavit was withdrawn or not, a court cannot rely upon the oral statement of a witness of a moving party to grant summary judgment. Pa. R. Civ. P. 1035.2, Note (citing *Nanty–Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932)). While evidence of a product's alteration would provide a stronger showing of prejudice, here there is simply insufficient evidence—if any at all—of such an alteration.

judgment is not warranted for the product liability defendants on the basis of spoliation of evidence.

■ Appellee PennDOT is also not entitled to summary judgment on this basis. As discussed above, summary judgment is not warranted due to Schroeder's fault. In addition, applying the second *Schmid* factor, PennDOT suffers less prejudice from the loss of the product than the product liability defendants. While PennDOT also may be unable to establish other theories of causation of the accident, PennDOT can defend the claims brought against it since they have to do with the condition of the roadway and not the truck itself. Thus, under the third *Schmid* factor, a lessor sanction such as instructing the jury on the spoliation inference is proper. Since Schroeder's claims against PennDOT have to do with the condition of the roadway, summary judgment for Penn-DOT based upon the spoliation of the truck is particularly inappropriate.

In sum, we adopt the test in *Schmid* to determine the appropriate sanction against a party who fails to preserve a product that is the subject of litigation. Applying the *Schmid* test here, summary judgment is not warranted in favor of the product liability defendants or PennDOT. We thus reverse the Commonwealth Court's affirmance of the trial court's grant of summary judgment in favor of Appellees and remand for further proceedings.

FLAHERTY, C.J., files a dissenting opinion in which CASTILLE, J., joins.

FLAHERTY, Chief Justice, dissenting.

Although the majority opinion expresses a logical and persuasive approach, I believe, respectfully, that the majority approach is based on an incorrect, unnecessarily rigid application of *Nanty–Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932) and Pa.R.C.P. Rules 1035.1, 1035.2, and 1035.3. By refusing to acknowledge facts established in testimonial affidavits, the majority provides a skewed and misleading background for its legal rationale. Though the statement

of facts is correct as far as it goes, it is more notable for what it omits.

Navistar International Transportation Corporation manufactured a truck cab and chassis and sold it to Sheets Truck Center, Inc. Sheets added a truck body to the chassis and sold the vehicle to Gary and Kelly Schroeder in September, 1988. The Schroeders removed the truck body and shortened the chassis, converting their large van into the front end of an "eighteen-wheeler."

It was this radically altered tractor that Gary Schroeder was driving, hauling a flatbed trailer loaded with corrugated pipe, when he lost control of his tractor-trailer, resulting in the fatal accident of May 5, 1991.

Instead of pretending that Mr. Schroeder was driving a truck produced by appellees, the lower courts recognized the substantial alterations effected by the Schroeders prior to the accident. This factual conclusion led to a different result in the case, a result I believe is correct.

The reason for the majority's denial of the obvious is that proof of the alterations is contained in testimonial affidavits, a questionable source of facts in the context of summary judgment proceedings. I think the holding in *Nanty–Glo Borough v. American Surety Co., supra,* and Pa.R.C.P. Rules 1035.1, 1035.2, and 1035.3 permit some flexibility in acknowledgement of facts set forth in testimonial affidavits,[1] and this is the perfect case to admit such facts. With the affidavits, and the dozens of accompanying photographs, it is ludicrous to deny that the truck involved in the accident was a tractor-trailer fundamentally different from the van manufactured and sold by appellees. Appellant, relying on the *Nanty–Glo* rule, did not contradict the allegation that the truck had been substantially altered, nor could she, in conscience or reality. Like the

---

1. The note following Pa.R.C.P. 1035.2 states: "Oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is *generally* insufficient to establish the absence of a genuine issue of material fact." (Emphasis added; citing *Nanty–Glo v. American Surety Co., supra,* and *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).)

emperor who wasn't wearing any clothes, we would do well not to deny the obvious.

Both the trial court and the Commonwealth Court apparently relied on the testimonial affidavit of Thomas Nelson stating that, prior to the accident, the frame of the truck had been shortened by cutting it and welding it back together. *Schroeder v. PennDOT*, No. 92–6661 (C.C.P. of Washington County, 1995) (Slip op. at 4); *Schroeder v. PennDOT*, 676 A.2d 727, 730 (Pa.Cmwlth.1996). Appellant claims that reliance on a testimonial affidavit is a violation of the rule of *Nanty–Glo Borough v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932). Appellant, however, failed to preserve the issue of a *Nanty–Glo* violation. It was not set forth in the petition for allowance of appeal as a question for review and therefore will not ordinarily be considered by the court. Pa.R.A.P. 1115(a)(3). Furthermore, it was not included in the statement of questions involved in appellant's brief but was only mentioned in a footnote to the brief, in clear violation of Pa.R.A.P. 2116(a), which constituted a failure to preserve the issue and resulted in waiver. But even without reliance on the controversial testimonial affidavit of Thomas Nelson setting forth "uncontested substantial alterations," the Commonwealth Court was correct in holding that spoliation deprived appellants of the opportunity to determine if the vehicle had been abused or misused in such a way that the condition of the truck following its years of service caused the fatality rather than a design defect causing the fatality.

Recognizing the fundamental alteration of the truck after it left the hands of appellees, it is clear that spoliation of the evidence had a disastrous effect on appellees' ability to defend the lawsuit. This is not a typical design defect case, in which every product is identical to every other so that if the vehicle involved in the accident is lost, any other vehicle could equally well be tested. Rather, the vehicle involved in the accident was distinctly different from the other vehicles manufactured and sold by appellees, and testing one of the other vehicles would fail entirely to duplicate the conditions of the Schroeder truck.

Therefore, in applying the test of *Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76 (3d Cir.1994), I reach the opposite conclusion from the majority. *Schmid* suggested consideration of three factors:

(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Schmid,* 13 F.3d at 79. First, as between the parties, the fault is entirely on the side of appellant. Second, the prejudice to appellees is overwhelming. Third, no lesser sanction than summary judgment can overcome the prejudice suffered by appellees.

There was therefore no error, in my view, in granting summary judgment in favor of International, the manufacturer, and Sheets, the seller. The remaining issue is whether it was error to grant summary judgment in favor of PennDOT, whose liability is predicated not on the condition of the truck but on the condition of the roadway.

Appellant argues that her cause of action against PennDOT is for negligent maintenance, design, and care of the roadway. She argues that she must demonstrate only the existence of a dangerous condition and that the dangerous condition caused the accident. The existence of a dangerous condition is a question of fact, precluding summary judgment. *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992); *Underwriters at Lloyds London v. PennDOT,* 145 Pa.Cmwlth. 268, 603 A.2d 241 (1992).

PennDOT's response is that, although contributory negligence is not a defense in a products liability case, it is a defense in a negligence case; the condition of the Schroeder vehicle was therefore a critical element in defending the case against PennDOT. It claims that appellant's failure to preserve unique evidence prevented PennDOT from rebutting appellant's theory of liability with traditional tort defenses of

plaintiff's contributory negligence as well as the comparative percentages of causal negligence of co-defendants. PennDOT claims that examination of a generic truck is useless to determine the extent to which Schroeder's used and altered vehicle contributed to causing the accident. The question of causation is also critical in determining the applicability of the defense of sovereign immunity.

The cause of action against PennDOT relies entirely on the allegation that the road condition (and not the operation or condition of the truck) caused the decedent to lose control. This allegation requires a plaintiff to prove that his case falls within the Sovereign Immunity Act, 42 Pa.C.S. § 8522 *et seq.* He must prove that (1) the cause of action is one for which recovery may be had at common law or by statute; (2) the cause of action is one of nine enumerated exceptions to sovereign immunity; and (3) the plaintiff's injuries were caused by the negligence of the commonwealth defendant. The real property exception to the Sovereign Immunity Act is to be narrowly construed so as to waive immunity only when the commonwealth realty itself causes injury and not when injury is caused by a dangerous motor vehicle or human condition on the land. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

Appellant's argument presumes causation by preventing PennDOT from rebutting the issue with the decedent's contributory negligence or an apportionment of negligence among the co-defendants. It also ignores the fact that sovereign immunity is not waived if a mechanical defect of the Schroeder vehicle caused it to leave the road or fail to return safely to the road. In this case, when the operator is unavailable to testify and there are no eyewitnesses to the accident, PennDOT's sole means of challenging appellant's theory of causation is to have an expert reconstruct the accident. Appellant's failure to preserve the wreckage of the truck does not permit this, leaving PennDOT in a position tantamount to strict liability for the accident. To permit the action to proceed against PennDOT would impermissibly remove contributory negligence as an available defense. I conclude that spoliation

of the wreckage was at least as harmful to PennDOT's defense as it was to the defenses of International and Sheets, so there was no error in granting summary judgment to PennDOT.

Accordingly, I would affirm the order of the Commonwealth Court.

CASTILLE, J., joins this dissenting opinion.