Conrad T. GICKING and Eleanor R. Gicking, His Wife, Appellant,

v.

JOYCE INTERNATIONAL, INC., Harpel's Inc. and Dixie–In Family Restaurant, Inc. t/d/b/a Stashaway Storage and William W. Halsell, Jr. and Patricia L. Halsell, His Wife, t/d/b/a Diversified Associates One t/d/b/a Stashaway, Appellees.

Superior Court of Pennsylvania.

Submitted June 16, 1998.

Filed Oct. 20, 1998.

R. James Kamage, Forty Fort, for appellants.

Leo E. Gribbin, Jr., York, for Joyce, appellee.

Christopher J. Coyle, Lebanon, for Harpel's appellee.

Bernard A. Buzgon, Lebanon, for Dixie Drive–In and Halsell, appellees.

Before McEWEN, President Judge, and DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

■ Conrad T. and Eleanor Gicking take this appeal from an Order granting summary judgment in favor of Appellee, Joyce International. Conrad Gicking was sitting on an "S" shaped chair allegedly made by Joyce International ("Joyce") when it collapsed under him resulting in injuries to his knee. At the time, Gicking was a business invitee on the premises of a part restaurant, part storage facility. Approximately one week after the accident, that facility's employees disposed of the chair in question. Joyce International did not have an opportunity to examine the chair before its disposal. Following discovery, Joyce filed a motion for summary judgment alleging that the Gickings' claim was barred due to their inability to produce the injuring product. The trial court agreed, granting summary judgment for Joyce International. Appellants argue that they should be allowed to proceed on a theory of design defect utilizing an identical product to demonstrate the defect. We agree and reverse.

■ When deciding the proper penalty for the spoliation of evidence, the Pennsylvania Supreme Court has recently adopted the three-pronged approach outlined by the Third Circuit Court of Appeals in *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir.1994). In determining the proper penalty for the spoliation of evidence, relevant factors to be considered are (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct. *Schroeder v. Department of Transportation*, 551 Pa. 243, 710 A.2d 23, 26 (1998).

Applying the first prong, we note that Appellants did not destroy the chair. The evidence was destroyed by employees of then co-defendant Stashaway Storage. Thus, Appellants' claim should not be barred due to the actions of others.

The second element of the *Schmid* test weighs the degree of prejudice suffered by the opposing party. Inasmuch as Appellants' product liability claim is based on a design defect common to all like chairs made by Appellee, there is no greater prejudice to Appellee. Both parties are able to test and demonstrate like chairs for the alleged design defect. The burden of proof will remain on Appellants to prove that it was a product defect which caused the harm at issue. *Schroeder*, 551 Pa. at ——, 710 A.2d at 27. *O'Donnell v. Big Yank, Inc.*, 696 A.2d 846, 849 (Pa.Super.1997).

The third element of the *Schmid* test also directs the court to consider lesser sanctions. However, because neither of the first two prongs establish that relief is due Appellee, no additional sanction is required.

Appellee contends that, without the product, there is no way to know how the harm was caused. Appellee adds that even if a defect were proven, it still must be shown that the alleged defect caused the harm. As this Court has stated before and our Supreme Court states in *Schroeder*, the plaintiff's burden of proof at trial to establish that his injuries were caused by a defective product serves to protect defendants in cases where it is determined that summary judgement is not warranted based upon spoliation. *Schroeder*, 551 Pa. at ——, 710 A.2d at 25, (citing, *Roselli v. General Electric Company*, 410 Pa.Super. 223, 231, 599 A.2d 685, 689 (1991) (Del Sole, J., dissenting)). According-

ly, we reverse the trial court's order of summary judgment and remand. Jurisdiction relinquished.