**Pocono Hotels Corporation v. Blanski Inc.**

C.P. of Monroe County, no. 9400.

*Scott M. Waldman,* for plaintiff.
*Edward J. Cermanski,* for defendant Blanski Inc.
*Timothy G. Lenahan,* for defendant Industrial Controls Inc.
*Mark E. Gebauer,* for defendant Fireye Inc.

WALLACH MILLER, *J.,* January 10, 2002—On December 16, 1995, boiler number 2, one of two oil fire

boilers that provided heat for the guests of Skytop Lodge, a resort/hotel in the Pocono Mountains, exploded.

Plaintiff Pocono Hotels Corporation d/b/a Skytop Lodge, filed a complaint on December 10, 1997, against Blanski Inc. which provided service and maintenance for the Skytop boilers and which also, in November of 1994, had installed a new electric control panel for boiler number 2. This control panel, designed by additional defendant Industrial Controls Inc. and manufactured by additional defendant Fireye Inc. was to electronically control the sequence of operations of the boiler.

Before the court is additional defendant Industrial Controls Inc.'s two-part motion requesting that we impose sanctions upon plaintiff Skytop because Skytop, while retaining the control panel, failed to save the exploded boiler parts and they further argue that one sanction should be the granting of their motion for summary judgment, thus dismissing the case against them.

The explosion occurred the night of December 16, 1995. The following day, Skytop contacted Blanski and representatives from Blanski inspected the entire scene, the boiler components and the control panel. Blanski also interviewed the Skytop maintenance person on duty the night of the explosion. Blanski further contacted Fireye which inspected the site and control panel.

Sometime in 1996 or 1997, Skytop demolished boiler number 2 upon information received from their insurance carrier that all boiler inspections were completed. The control panel is all that remains.

Blanski joined Industrial Controls and Fireye on July 2, 1998.

In January of 2001, nearly two-and-a-half years after being joined in this lawsuit by Blanski as an additional

defendant, Industrial Controls sent a representative to do a site inspection of the boiler. They have now filed a motion for summary judgment based on the spoliation of evidence theory. We heard oral argument on December 3, 2001, and after a review of the briefs filed by Skytop and Industrial Controls, including the depositions and affidavits attached and our own independent research, we are prepared to rule.

Skytop's experts attribute the cause of the explosion to a design defect in the control panel. Industrial Controls argues that the expert reports also involve fuel oil lines and the main fuel oil valve of the boiler as a cause for the explosion. If they are a cause of the explosion, these boiler components become relevant evidence. Additionally, Industrial Controls points to Skytop and Blanski employee deposition testimony that presents other alternative causes for the explosion. Thus, Industrial Controls argues that Skytop destroyed evidence that might show possible alternative causes for the explosion.

Skytop counterargues that they took all steps reasonably necessary to allow all defendants to inspect the relevant evidence and only discarded the boiler parts after being advised that all inspections were complete. Skytop also argues that they needed to replace the exploded boiler with a new permanent boiler to avoid the use of costly rental boilers needed to heat the hotel during the cold winter months. Also, because of the boiler's large size and composition of asbestos materials, removing it required special care and raised safety concerns.

The doctrine of spoliation was developed early in the law to punish those parties who destroy relevant evidence. See *McHugh v. McHugh,* 186 Pa. 197, 40 A. 410 (1898). Courts may impose sanctions for this behavior, includ-

ing dismissing the case on a motion for summary judgment which is what Industrial Controls asks us to do here.

In 1998, our Pennsylvania Supreme Court in *Schroeder v. PennDOT,* 551 Pa. 243, 250, 710 A.2d 23, 27 (1998), held that three considerations must be examined to determine whether the sanction of summary judgment is appropriate. They are:

(1) The degree of fault of the party who altered or destroyed the evidence;

(2) The degree of prejudice suffered by the opposing party; and,

(3) Whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

Applying these factors to this case, we find Industrial Controls is not entitled to summary judgment.

Summary judgment may be granted when the pleadings, depositions, interrogatory answers, admissions, affidavits and expert reports show there is no genuine issue as to any material fact and that the record entitles the moving party to judgment as a matter of law. Pa.R.C.P. 1035.2.

With respect to fault, there is a factual dispute as to whether Skytop knew of Blanski's intention to join Industrial Controls as an additional defendant. Skytop did not sue Industrial Controls; Blanski did. We also find a factual dispute that all inspections were completed. Fault has two components: responsibility and the presence or absence of bad faith. *Pia v. Perrotti,* 718 A.2d 321 (Pa. Super. 1998). We note that a plaintiff has a general re-

sponsibility to preserve relevant evidence where the plaintiff knows that litigation involving the defendant is pending or likely and it is foreseeable that discarding the evidence would be prejudicial to the defendant. *Mount Olivet Tabernacle Church v. Edwin L. Wiegand Division,* 781 A.2d 1263 (Pa. Super. 2001). However, the plaintiff does not have a responsibility to identify all potential defendants and invite them to an exploratory investigation. Additionally, the scope of the duty to preserve evidence is not boundless. *Baliotis v. McNeil,* 870 F. Supp. 1290 (M.D. Pa. 1994). In the instant case, it could be factually disputed whether plaintiff could have foreseen the addition of Industrial Controls by Blanski some two-and-a-half years after the filing of their original complaint.

The second and third elements of the *Schroeder* test also dictate that summary judgment is inappropriate. Since Blanski's argument does not tell us that the boiler itself is unique, they can comparably test and examine other boilers of this kind. Since they can test and inspect other boilers, a lesser sanction is warranted. We find that the lesser sanction would be a jury instruction on the spoliation inference if such is warranted after the evidence is closed. Therefore, we enter the following order.

## ORDER

And now, January 10, 2002, the motion of additional defendant Industrial Controls Inc. for summary judgment is denied.