J-A26012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NICOLE SANDERS, | |
| Appellee | |
| | |
| ERIE INSURANCE EXCHANGE, | |
| Appellant | |
| v. | |
| NICOLE SANDERS, | |
| Appellee | No. 1570 WDA 2015 |

Appeal from the Order Entered September 11, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):
AR 13-000916
GD 13-002907

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED NOVEMBER 29, 2016**

Liberty Mutual Insurance and Erie Insurance Exchange (hereinafter, "Appellants") appeal from the September 11, 2015 order, which, *inter alia*, granted Nicole Sanders' (hereinafter "Sanders") motion for summary judgment.  After careful review, we affirm.

The trial court briefly summarized the facts of this case, as follows:

On March 5, 2011, [Sanders] was a student at the Art Institute of Pittsburgh. She was cooking in her dormitory room on an electric stove provided to her by the school. For reasons that are not known, a fire started while [Sanders] was cooking on the stove. The fire triggered an alarm and the activation of water sprinklers that damaged several rooms. In early 2012, the stove was removed and destroyed. No record exists of the removal and disposal. No testing or examination of the stove was conducted.

Trial Court Opinion (TCO), 12/10/15, at 2.

In early 2013, Appellants filed separate complaints against Sanders, alleging that she negligently caused the fire and, thus, she was liable for the resulting damage.[1] Sanders filed an Answer and New Matter, as well as a motion to consolidate the two cases, which the court granted. On June 2, 2015, Sanders filed a motion for summary judgment. Within that motion, she asserted that Appellants had committed spoliation of evidence by disposing of the stove involved in the fire, without first permitting Sanders to inspect or test it, and without inspecting it themselves. *See* Sanders' Motion for Summary Judgment, 6/2/15, at 4 (unnumbered). Sanders requested that, as sanction for Appellants' spoliation of evidence, they should be precluded from presenting any evidence regarding the cause of the fire. *Id.* at 6 (unnumbered).

---

[1] Liberty Mutual Insurance also included a breach of contract claim, alleging that, pursuant to a "Student Housing License Agreement" completed by Sanders, she was contractually liable for the damage arising from the fire that her negligent conduct had caused. *See* Liberty Mutual Insurance Complaint, 2/14/13, at 4 (unnumbered).

- 2 -

Appellants filed a response to Sanders' motion for summary judgment, and a hearing was conducted on August 31, 2015. That same day, the trial court issued an order stating that Liberty Mutual Insurance would not be permitted to present any evidence concerning the cause of the fire. *See* Trial Court Order, 8/31/15 (single page). The order also granted Sanders' motion for summary judgment. *Id.* On September 11, 2015, the court issued a second order clarifying that the August 31st order precluded *both* Liberty Mutual and Erie Insurance from presenting evidence regarding the cause of the fire. The order also reiterated that Sanders' motion for summary judgment was granted against both Appellants, Liberty Mutual and Erie Insurance.

Appellants filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, they present three questions for our review, which we have reordered for ease of disposition:

> 1. Did the lower court err and/or abuse its discretion by misapplication of the **Schmid v. Milwaukee Elec. Tool Corp.**, three-prong spoliation test, in finding fault to such an extent and such prejudice as to justify a finding of spoliation and a grant of summary judgment?
>
> 2. Did the lower court err and/or abuse its discretion by misapplication of the **Schmid v. Milwaukee Elec. Tool Corp.**, three-prong spoliation test, in finding that a grant of summary judgment, thereby disposing of all claims and all parties, was the least restrictive sanction?
>
> 3. Did the lower court err and/or abuse its discretion in concluding that [Appellants have] failed to produce[] evidence of genuine issues of material fact and evidence of facts essential to

- 3 -

the cause of action such that [Sanders] is entitled to summary judgment, viewing all facts in the light most favorable to the non-moving party?

Appellants' Brief at 4.

Before addressing Appellants' arguments, we summarize the applicable legal principles that guide our review of their spoliation-of-evidence issues. Our Supreme Court has explained that, "'[s]poliation of evidence' is the non-preservation or significant alteration of evidence for pending or future litigation." *Pyeritz v. Com.*, 32 A.3d 687, 692 (Pa. 2011) (footnote omitted).

> When reviewing a court's decision to grant or deny a spoliation sanction, we must determine whether the court abused its discretion. *Croydon Plastics Co. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 629 (Pa. Super. 1997) ("the decision whether to sanction a party, and if so the severity of such sanction, is vested in the sound discretion of the trial court"), *appeal denied,* 553 Pa. 689, 717 A.2d 1028 (1998). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." *Pilon v. Bally Eng'g Structures,* 435 Pa. Super. 227, 645 A.2d 282, 285, *appeal denied,* 539 Pa. 680, 652 A.2d 1325 (1994).

*Mount Olivet Tabernacle Church v. Edwin L. Wiegand Div.*, 781 A.2d 1263, 1269 (Pa. Super. 2001).

> To determine the appropriate sanction for spoliation, the trial court must weigh three factors:
>
> > (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously

- 4 -

at fault, will serve to deter such conduct by others in the future.

> **Mount Olivet**, 781 A.2d at 1269–70 (quoting **Schmid v. Milwaukee Elec. Tool Corp.**, 13 F.3d 76, 79 (3d Cir.1994)).[2] In this context, evaluation of the first prong, "the fault of the party who altered or destroyed the evidence," requires consideration of two components, the extent of the offending party's duty or responsibility to preserve the relevant evidence, and the presence or absence of bad faith. **See Mount Olivet**, 781 A.2d at 1270. The duty prong, in turn, is established where: "(1) the plaintiff knows that litigation against the defendants is pending or likely; and (2) it is foreseeable that discarding the evidence would be prejudicial to the defendants." **Id.** at 1270–71.

> **Creazzo v. Medtronic, Inc.**, 903 A.2d 24, 29 (Pa. Super. 2006) (original brackets omitted).

**PTSI, Inc. v. Haley**, 71 A.3d 304, 316 (Pa. Super. 2013).

Here, the trial court discusses, in its Rule 1925(a) opinion, how it applied the three-pronged spoliation test to the facts of this case, as follows:

> [Appellants] cannot seriously contend that [they] lack[] fault in the destruction of the stove. [Appellants] admitted that the stove was removed, not preserved and not tested. Fault for the lack of preservation is squarely on [Appellant] companies, and not on [Sanders], a young college student. It is equally clear that [Sanders] suffered significant prejudice. [Appellants] allege[] that [Sanders] acted negligently. Yet the very stove she used and contends may have malfunctioned was destroyed well before [Appellants] sued [Sanders]. [Appellants] did not appear to contest the first two prongs at argument. [Appellants'] counsel stated that[,] "Our argument kind of begins and ends with the least-restrictive sanction portion of this test."

---

[2] The three-part spoliation test set forth in **Schmid** was adopted by our Supreme Court in **Schroeder v. Commonwealth, Department of Transportation**, 710 A.2d 23, 27 (Pa. 1998).

The essence of [Appellants'] argument is that the [c]ourt erred in finding that preventing [Appellants] from producing evidence concerning the cause of the fire and granting Summary Judgment was too extreme a remedy. Our [c]ourts have been given discretion to impose a range of sanctions where spoliation is found. Preventing [Appellants] from presenting evidence concerning the cause of the fire is appropriate where [Appellants] recognized the potential for claiming [Sanders] was at fault and failed to preserve evidence that may have permitted [her] to challenge [their] assertions against her. We believe this to be the only appropriate remedy under the facts of this case.

TCO at 3-4 (internal citations to the record and case law omitted).

On appeal, Appellants' first two issues challenge the court's application of the *Schmid* test to the facts of this case. First, in regard to the fault prong of the *Schmid* test, Appellants' concede that they are at fault for the disposal of the stove. Appellants' Brief at 13. They acknowledge that they "knew that litigation as to the fire was likely and it [was] arguably foreseeable that discarding the stove could be prejudicial" to Sanders, thus establishing that they had a duty to preserve the evidence of the stove. *Id.* at 14; *see also Mount Olivet*, 781 A.2d at 1270-71. Appellants contend, however, that their "degree of fault is minimal." Appellants' Brief at 13. In support, they repeatedly claim that, "the stove was not immediately discarded. Instead, the stove was cleaned and remained in the dorm room for several months following the fire. During that time, the stove would have been available to Sanders or her insurance carrier." *Id.* at 14. Appellants' also point out that in September of 2011, they advised Sanders' insurance carrier "that the stove was cleaned after the fire and returned to

use[,]" suggesting that Sanders could have, and should have, inspected the stove at that time. *Id.*

Upon reviewing the documents cited by Appellants in support of their claims, it is apparent that Appellants are misrepresenting the record. For instance, in support of their claim that the stove was cleaned and returned to use for several months before being discarded, Appellants cite Erie Insurance's response to Sanders' request for admissions. In that document, Erie Insurance stated, in pertinent part:

> 6. Admitted in Part. Denied in Part. It is admitted that on behalf of [Erie Insurance], counsel for [Erie Insurance] spoke to Ryan Cunningham who is an agent, servant, workman and/or employee of the Art Institute of Pittsburgh who during the course of this conversation indicated that the maintenance crew advised him that the subject stove was removed sometime before early 2012.
>
> 7. Objection to the extent that this request for admission calls for a legal conclusion. Without waiving this objection, this averment is denied in that [Erie Insurance's] claim is related to [Sanders'] improper use of the stove. [Erie Insurance] had no knowledge at the time or to this date that there was any alleged defect or problem with the stove.
>
> 8. It is admitted through [Erie Insurance's] counsel's conversation with Ryan Cunningham that Mr. Cunningham indicated he had no record of the disposal of the stove.
>
> …
>
> 10. Objection. [Sanders] does not define what is meant by direct access. Once this is defined [Erie Insurance] can respond to this request. Without waiving this object[ion], it is denied that [Sanders] was ever refused access to inspect the stove and/or that [Sanders] ever requested permission to inspect the stove.

Erie Insurance's Response to Sanders' Request for Admissions, 7/21/15, at 1-2 (unnumbered) (attached to Docket Entry 9 (Erie Insurance's Memorandum of Law In Support of Erie Insurance's Response to Sanders' Motion for Summary Judgment, filed 7/21/15)).  It is clear to this Court that nothing in the above-quoted document states what Appellants purport, *i.e.*, that the stove was cleaned and put back into use months before it was discarded.

Additionally, to support their contention that they informed Sanders in September of 2011 that the stove was cleaned and put back into use (thus, enabling her to inspect it), Appellants cite to documents referred to in their reproduced record as "Plaintiff's insured's incident report."  **See** Appellants' Brief at 14 (citing Reproduced Record at 159-60); **see also** Index to Reproduced Record ("RR"), 1/22/15, at i.  However, those documents state only that the stove was new in 2007, and that after the fire, "the stove was still working, [and] just needed to be cleaned…."  RR at 159.  Contrary to Appellants' suggestion in their brief to this Court, nothing in that document stated that the stove was **actually** cleaned and 'put back into use' months before it was discarded.

In sum, Appellants' claims on appeal are not supported by the portions of the record to which they cite.  Thus, they have not convinced us that the trial court abused its discretion in finding that "[f]ault for the lack of

preservation is squarely on [Appellant] companies, and not on [Sanders], a young college student." TCO at 3-4.[3]

Next, we assess the prejudice prong of the *Schmid* test. Again, Appellants concede that Sanders was prejudiced; however, they argue that the court erred by finding that the prejudice was significant. Instead, Appellants maintain that the degree of prejudice was minimal. *See* Appellants' Brief at 17. In this vein, Appellants in large part reiterate the same arguments presented in their analysis of the fault prong of the *Schmid* test, *i.e.*, that the stove was cleaned and put back into use for months before it was destroyed and, therefore, Sanders had an opportunity to inspect it. We need not rehash our discussion of why the record does not support these arguments.

Appellants also argue, however, that due to the "the speculative nature of [Sanders'] alternative cause, any prejudice suffered by [Sanders] is lessened." Appellants' Brief at 18. In support, they cite *Mount Olivet*. There, the plaintiff - a church - filed a complaint against the defendant heating company, alleging that a heater manufactured by the defendant and used by the plaintiff to heat water in a large baptismal pool, had

---

[3] We acknowledge, however, that the court made no explicit finding of bad faith on the part of Appellants; therefore, we will presume that they did not dispose of the stove with the specific intent of hampering Sanders' ability to defend their lawsuit.

malfunctioned and caused a massive fire in the church. *Mount Olivet*, 781 A.2d at 1266. The church kept the allegedly defective heater, but it did not preserve the fire scene, which hampered the defendant's "primary defense that the fire started elsewhere in the church and not within the baptistry." *Id.* at 1268-69. Consequently, the defendant alleged a spoliation of evidence claim against the church. In assessing the defendant's claim under the three-pronged *Schmid* test, we concluded that the defendant had "suffered a relatively low degree of prejudice." *Id.* at 1272. We stressed that at trial, the defendant had been able to present a "vigorous defense to the Church's theory of causation, and presented a renowned fire expert to render an opinion based on the Church's evidence." *Id.* at 1272. We also noted that the church had conducted investigations of the scene, as had the fire marshal, and no alternative fire source had been revealed. *Id.*

Two important facts make *Mount Olivet* distinguishable from the present case: (1) the plaintiff in *Mount Olivet* kept the heater, which it claimed caused the fire, and (2) because the defendant had access to the heater, it was able to mount a 'vigorous defense' challenging that the heater had malfunctioned. To the contrary, in this case, Appellants discarded the stove, without which Sanders is unable to present *any* defense that the stove malfunctioned and caused the fire. Moreover, while Appellants claim that their "investigation did not reveal any alternative causes," Appellants' Brief at 17, they also concede that the stove was **never investigated or tested** in any manner. Thus, there is no way to rule out Sanders' claim that

the stove malfunctioned, yet there would also be no way for Sanders to prove that claim if the case proceeded to trial. For these reasons, the present case is distinguishable from **Mount Olivet**, and we disagree with Appellants that Sanders only suffered 'minimal prejudice.' Rather, we ascertain no abuse of discretion in the court's determination that Sanders suffered 'significant' prejudice.

Thus, we now assess the third prong of the **Schmid** test - whether there was a lesser sanction the court could have imposed that would have avoided the unfairness to Sanders caused by Appellants' disposal of the stove. Appellants address this prong of the **Schmid** test in their third issue on appeal. We need not delve into the details of Appellants' argument in support of this issue, as it is wholly premised on their incorrect conclusion that the sanction imposed by the court was granting Sanders' motion for summary judgment. Contrary to Appellants' claim, the record demonstrates that the sanction imposed by the court for the spoliation of evidence was precluding Appellants from presenting evidence regarding the cause of the fire. **See** TCO at 4 ("Preventing [Appellants] from presenting evidence concerning the cause of the fire is appropriate where [Appellants] recognized the potential for claiming [Sanders] was at fault and failed to preserve evidence that may have permitted [her] to challenge [Appellants'] assertions against her. We believe this to be the only appropriate remedy under the facts of this case."). On appeal, Appellants offer no argument regarding why

*that* sanction was an abuse of the court's discretion. Accordingly, they have again failed to convince us that the court abused its discretion.

In any event, even if we accepted Appellants' claim that the court's sanction was granting Sanders' motion for summary judgment, we would not reverse the trial court's decision. We acknowledge that both our Supreme Court and this Court have stated that "[w]here fault and prejudice are not severe, dismissal is inappropriate." *Mount Olivet*, 781 A.2d at 1273 (citing *Schroeder*, 710 A.2d at 27-28; *Pia v. Perrotti*, 718 A.2d 321, 325 (Pa. Super. 1998); *Schmid*, 13 F.3d at 81). "Generally, courts should select the least onerous sanction commensurate with the spoliator's fault and the other party's prejudice." *Id.* (citation omitted).

Here, Appellants "note that in cases similar to this one, a spoliation [jury] instruction is often granted because it is considered the least onerous penalty commensurate with the plaintiff's degree of fault and the defendant's prejudice." Appellant's Brief at 25 (quoting *Mount Olivet*, 781 A.2d at 1723 (citations omitted)). Curiously, however, Appellants' fail to mention that at the hearing on Sanders' motion for summary judgment, their counsel argued that a jury instruction would *not* be appropriate in this case. *See* N.T. Hearing at 5. Thus, they have waived their argument on appeal that a jury instruction would have been an appropriate sanction. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

We also point out that at the hearing, Appellants' counsel did not address, in any fashion, defense counsel's argument that the appropriate sanction would be to "restrict … [Appellants] from being able to present any evidence on causation of the subject fire…." N.T. Hearing at 4. As stated *supra*, Appellants again fail, on appeal to this Court, to explain why that particular sanction, which ultimately was imposed by the court, was inappropriate. Even more problematic is the fact that, while Appellants continuously state throughout their brief that the court should have "applied a lesser sanction," Appellants' Brief at 25, they at no point specify *what* that sanction should have been. Based on the record before us, and Appellants' misleading and undeveloped argument, they have failed to convince us that the trial court abused its discretion by imposing a sanction of precluding Appellants from presenting evidence regarding the cause of the fire, which then led to the court's granting Sanders' motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016