J-S19044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SANDY CONKLIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAWA, INC. | : | No. 3006 EDA 2024 |

Appeal from the Judgment Entered November 8, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2020-002792

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED AUGUST 6, 2025**

Sandy Conklin ("Conklin") appeals from the judgment entered in favor of Wawa, Inc. ("Wawa").  Conklin challenges the trial court's denial of her request that it provide an adverse inference instruction to the jury because of Wawa's alleged spoliation of evidence based upon its failure to preserve a video surveillance tape.  After careful review, we affirm.

On May 6, 2018, Conklin slipped and fell at Wawa Store #85, located at 750 North Pottstown Pike, Exton, Pennsylvania.  She claimed to have tripped on a floor mat near the beverage area of the store and fallen on her back, allegedly resulting in multiple injuries to her back and spine.  An off-duty police officer who was present in the store offered to help Conklin after her fall.  Additionally, at the time of the incident, April Carlisle ("Carlisle"), the store

manager on duty, helped Conklin after the fall, took photographs, and prepared an incident report.

On May 7, 2018, Ammar Finamore ("Finamore"), a loss prevention investigator for Wawa, began an investigation into Conklin's fall. Finamore requested the surveillance footage and received it on May 24, 2018. Upon reviewing the footage, she was unable to observe Conklin's fall because the area was not covered by the store's cameras. Wawa then reassigned the investigation to Mehert Gebreyohanis ("Gebreyohanis").

Conklin soon after requested the footage from Wawa; on July 28, 2018, Wawa replied in a letter informing Conklin that it does not provide video footage to customers and that footage is typically only preserved for thirty days. On August 7, 2018, Conklin's counsel sent a letter requesting copies of video surveillance from the store on the day of the fall and that the surveillance be preserved. On November 27, 2018, after reviewing the loss investigation file notes, Gebreyohanis informed Conklin's counsel that the fall was not captured on surveillance camera footage.

On April 7, 2020, Conklin commenced the lawsuit underlying this appeal by writ of summons, followed by a complaint, raising a negligence claim against Wawa. Conklin served requests for written discovery on Wawa, seeking, inter alia, production of the video surveillance footage from the date of the fall. Wawa produced a surveillance video in response to the requests. However, two Wawa employees, Megan Dougherty ("Dougherty") and Thomas

McCandless ("McCandless") later confirmed that the preserved footage was obtained from a different Wawa store. Wawa then verified that it accidentally preserved the footage from Store #8033, and that it had failed to preserve the footage from Store #85. This occurred because the employee who responded to Conklin's fall was only temporarily assigned to Store #85 and was reassigned shortly thereafter to Store #8033.

On August 30, 2022, Conklin filed a motion for an adverse inference instruction because of Wawa's failure to preserve the footage. The trial court did not rule on the motion before the scheduled jury trial in June 2024. At trial, prior to instructing the jury, the trial court denied Conklin's request for an adverse inference instruction. Ultimately, the jury returned a verdict in favor of Wawa.

On June 28, 2024, Conklin filed a motion for post-trial relief requesting a new trial. The trial court denied the motion. Subsequently, the trial court entered judgment in favor of Wawa on November 8, 2024. This timely appeal followed.

Conklin raises the following issues on appeal:

1. Did the trial court commit reversible error and/or an abuse of discretion by refusing to provide an adverse inference charge to the jury when: (a) at the end of discovery, it was clear that [Wawa] had failed to properly preserve security camera footage that could have contained relevant and probative evidence related to [Conklin's] fall; and (b) [Wawa] provided no evidence or testimony at trial to satisfactorily explain why it failed to preserve the correct security camera footage[?]

2. Did the trial court commit an abuse of discretion and/or reversible error by denying [Conklin's] motion for post-trial relief requesting a new trial based on its refusal to provide an adverse inference instruction at trial?

Conklin's Brief at 4 (unnecessary capitalization omitted).

As Conklin's claims are related, we address them together. She argues that the trial court erred in refusing to provide an adverse inference jury charge against Wawa for failing to preserve the surveillance video of her fall, and on that basis is entitled to a new trial. *Id.* at 14-16, 26-30. Conklin contends that the trial court applied an incorrect legal standard in determining whether spoliation occurred, relying too heavily on its finding that Wawa did not act in bad faith. *Id.* at 16-19, 27-29. Conklin states that any business open to the public should know that surveillance videos of accidents are likely to be the focus of future litigation, and that Wawa attempted (but failed) to preserve the video in this case. *Id.* at 17-18. Because there was spoliation of the video evidence, she contends that she was entitled to an adverse inference instruction as a sanction. *Id.* at 22-24. To that end, Conklin alleges that Wawa's failure to inform her earlier of its thirty-day video preservation policy demonstrates that Wawa was acting in bad faith. *Id.* at 19-20. Conklin asserts that Wawa failed to provide testimony or evidence to explain why it failed to preserve the surveillance footage. *Id.* at 23.

Conklin also argues that the spoliation was prejudicial as it deprived her of other possible evidence that may have been included on the footage including: the frequency or number of Wawa employees in the area where she

fell, the identification of employees who may have last performed an "eye of the customer walkthrough," possible reactions or identifications of issues with the floor mat by other customers, and her physical condition leaving the store after her fall. *Id.* at 21. While she concedes the video did not capture her fall, she contends it could have shown this other probative evidence. *Id.* at 25-26. Conklin claims that the absence of this evidence prejudiced her presentation of the case to the jury. *Id.* at 22. She further asserts that the trial court's error in refusing to give an adverse inference instruction was not harmless, as the spoliation of the video deprived her of evidence. *Id.* at 31-32.

"We review trial court rulings on spoliation claims for an abuse of discretion." *Marshall v. Brown's IA, LLC*, 213 A.3d 263, 267 (Pa. Super. 2019) (citation omitted). "'Spoliation of evidence' is the failure to preserve or the significant alteration of evidence for pending or future litigation." *Parr v. Ford Motor Co.*, 109 A.3d 682, 701 (Pa. Super. 2014) (citation omitted). "[T]he spoliation doctrine is broadly applicable to cases where 'relevant evidence' has been lost or destroyed." *Mt. Olivet Tabernacle Church v. Edwin L. Wiegand Div., Emerson Electric Co.*, 781 A.2d 1263, 1269 (Pa. Super. 2001). "The duty to retain evidence is established where a party knows that litigation is pending or likely and it is foreseeable that discarding the evidence would be prejudicial to the other party." *Marshall*, 213 A.3d at 268 (citation and internal quotation marks omitted). "Spoliation may be negligent,

reckless, or intentional; a party's bad faith, or lack of it, in the destruction of potentially relevant evidence goes to whether and what type of sanction should be imposed, not whether spoliation occurred." *Id.* at 271.

Trial courts are authorized to exercise their discretion to impose a range of sanctions against the spoliator. *Id.* at 267-68. These sanctions may include entry of judgment against the offending party, exclusion of evidence, monetary penalties such as fines and attorney fees, and adverse inference instructions to the jury. *See Hammons v. Ethicon, Inc.*, 190 A.3d 1248, 1281 (Pa. Super. 2018). An adverse inference instruction allows an "inference that the missing evidence would have been unfavorable to the party that destroyed it." *Schroeder v. Com., Dept. of Transp.*, 710 A.2d 23, 26-27 (Pa. 1998) (citation omitted).

The court considers three factors in determining a sanction for a spoliator: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Mt. Olivet*, 781 A.2d at 1269-70 (citations omitted). The first prong—"the fault of the party who altered or destroyed the evidence"—"requires consideration of two components, the extent of the offending party's duty or responsibility to preserve the relevant evidence, and the presence or absence of bad faith." *PTSI, Inc. v. Haley*,

71 A.3d 304, 316 (Pa. Super. 2013) (citation omitted). The second prong "is established where: (1) the plaintiff knows that litigation against the defendants is pending or likely; and (2) it is foreseeable that discarding the evidence would be prejudicial to the defendants." *Id.* (citation and quotation marks omitted).

The trial court found that no spoliation occurred because "the area where [] Conklin fell was not under direct surveillance by a camera," and the only other camera nearby would not have captured the incident. Trial Court Opinion, 1/2/2025, at 4. It further found that an adverse instruction to the jury on spoliation was not warranted regardless because Wawa acted in good faith when it attempted to preserve the footage. *Id.*

We find no abuse of discretion. Our review of the record confirms that there was no basis to find spoliation because Conklin failed to demonstrate that the video contained relevant evidence. *See Mt. Olivet*, 781 A.2d at 1269. Conklin concedes that the fall was not caught on camera, Conklin's Brief at 25-26, but baldly alleges that the video could possibly have contained relevant evidence, such as customer reactions, store employees walking through the location of her fall, and other customers who had issues with the same mat. However, she presented no testimony or other evidence to establish that this could be true, given, as she acknowledges, that there was no camera filming the area where she fell. To the contrary, the record directly refutes her claims. *See* N.T., 6/18/2024, at 156-57 (Heather Hearn, Wawa's

supervisor of E-Commerce Fraud and Physical Security, testifies that the closest camera to the area of Conklin's fall was about twelve to fifteen feet away and was solely focused on the lottery machine); N.T., 9/24/2021 (April Carlisle Deposition), at 38, 51, 52 (Carlisle states that she did not recall any employees nearby when Conklin fell and she does not recall when the last "eye of the customer" walkthrough occurred before the incident but it would have occurred after 6 p.m.); *see also* N.T., 6/1/2022 (Megan Dougherty Deposition), at 34 (Dougherty states that she is unaware of any employee who witnessed the fall).

Conklin failed to call witnesses who could have provided the identified evidence, such as the police officer who assisted her after her fall or Finamore, the loss prevention investigator who viewed the footage prior to its loss. As a result, the record contains no suggestion that the video in question contained relevant evidence or that it was foreseeable to Wawa that discarding the video would prejudice her such that spoliation occurred. *See Mt. Olivet*, 781 A.2d at 1269; *Marshall*, 213 A.3d at 268.

Even assuming spoliation did occur, Conklin was not entitled to an adverse inference instruction. As noted above, when determining a sanction for spoliation, we must first look at the fault of the party who destroyed the evidence by reviewing the party's responsibility to preserve the relevant evidence, and the presence or absence of bad faith. *See Mt. Olivet*, 781 A.2d at 1270. Although Wawa had sole control over the ability to preserve the

footage and was aware litigation was likely (based upon its assignment of a loss prevention investigator soon after the incident), the record supports the trial court's finding that Wawa's failure to preserve the video was the result of confusion and inadvertence, not bad faith. Wawa explained that the mistake occurred because April Carlisle only worked at Store #85 for three weeks before being transferred to Store #8033, and this reassignment resulted in the preservation of the incorrect video. *See* Conklin Ex. I (Letter from Wawa Counsel confirming preservation of incorrect footage). The trial court found this explanation to be credible. Trial Court Opinion, 1/2/2025, at 4.

Nor does Conklin establish that she was prejudiced by the loss of the video. *See PTSI, Inc.,* 71 A.3d at 316. It is uncontested that the surveillance footage did not capture Conklin's fall, and the area of the fall was not covered by a surveillance camera. *See* N.T., 6/17/2024, at 18-19; N.T., 6/18/2024, at 157; N.T., 6/20/2024, at 111-12; Conklin Exhibit B (Loss Prevention Investigation Notes); *see also* Conklin's Brief at 29. Though Conklin alleges additional evidence could have been present in the footage, as described above, she entirely failed to substantiate this contention. Nor does she make any argument as to how the video would support a finding of Wawa's alleged negligence as causing the fall. *See Mount Olivet*, 781 A.2d at 1272 (noting prejudice is diminished where only speculative theories of causation support a remedy for spoliation).

Finding no basis to conclude that the trial court abused its discretion in refusing to grant Conklin's request for an adverse inference charge, we affirm the judgment entered in favor of Wawa.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/6/2025