Valerie R. TENAGLIA, Appellant,

v.

**PROCTOR & GAMBLE, INC.**

Superior Court of Pennsylvania.

Argued May 11, 1999.

Filed Aug. 25, 1999.

Ronald D. Ashby, Media, for appellant.

Francis M. Hadden, Philadelphia, for appellee.

Before FORD ELLIOTT, MONTEMURO,* and TAMILIA, JJ.

FORD ELLIOTT, J.:

¶ 1 Appellant Valerie R. Tenaglia appeals from the order dated June 29, 1998, which granted summary judgment against appellant and in favor of appellee Proctor & Gamble. We affirm.

¶ 2 This case involves a suit for damages sustained as the result of an allegedly defective product. The undisputed facts, taken from the trial court opinion, reveal that appellant was injured on August 25, 1993, while opening a cardboard box containing packages of Pampers diapers manufactured by appellee Proctor & Gamble. (Trial court opinion, 12/28/98 at 2.) Appellant, employed as a pharmacist at Rite Aid, attempted to open the box at the request of a customer. As appellant was opening the box, she felt a "pop" in her arm followed by arm pain. Appellant then applied ice to her arm, did not seek immediate medical treatment, and completed her work shift.

¶ 3 The cardboard box remained in the aisle of the store subsequent to the incident. Appellant examined the box later in the day in an attempt to determine why she experienced difficulty opening the box. Appellant alleged that, in her experience, there was excessive glue on the box that rendered it unusually difficult to open. Appellant, on the same date, informed her store manager of the incident and her injury. However, she neither requested the store manager to save the box for her, nor did she make any attempt herself to preserve it. Appellant knew the box would be destroyed in a crusher located in the basement of the premises. It is believed that the box was ultimately destroyed.

¶ 4 The sole issue raised by appellant concerns the trial court's finding that appellant is responsible for the spoliation of the evidence. Appellant questions whether the trial court erred as a matter of law when it granted summary judgment based on the spoliation of evidence doctrine.

¶ 5 When an appellate court reviews the grant of a motion for summary judgment, our scope of review is well settled; the trial court will be overturned only if there has been an error of law or clear abuse of discretion. *First Wisconsin Trust Co. v. Strausser*, 439 Pa.Super. 192, 653 A.2d 688, 691 (1995) (citations omitted). Our review of the record is, however, plenary. *Keselyak v. Reach All, Inc.*, 443 Pa.Super. 71, 660 A.2d 1350, 1352 (1995). We are not bound by a trial court's conclusions of law; instead, we may draw our own inferences and reach our own conclusions. *Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 258 (Pa.Super.1997), *citing Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995), *appeal denied*, 546 Pa. 635, 683 A.2d 875 (1996). The trial court must accept as true all well-pleaded facts, and all doubts as to the existence of a genuine issue of material fact are to be resolved in the non-moving party's favor. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 176, 553 A.2d 900, 903 (1989).

¶ 6 After completion of discovery relevant to the motion, a party may move for summary judgment when the adverse party, who bears the burden of proof at trial, has failed to produce evidence essential to the cause of action or defense which would require the issues to be submitted to a jury. Pa.R.Civ.P. 1035.2(2), 42 Pa.C.S.A. If, under Rule 1035.2(2), the record contains insufficient evidence of facts to make out a *prima facie* cause of action or defense, there is no issue to be submitted to a jury. Rule 1035.2(2), official note.

¶ 7 In keeping with the standards enumerated above, we turn to the matter before us to determine whether the trial

* Retired Justice assigned to Superior Court.

court committed an error of law or abuse of discretion in granting summary judgment in favor of appellee.

■ ¶ 8 The Pennsylvania Supreme Court recently addressed the standards to be applied regarding the sanctions for spoliation of the evidence. In *Schroeder v. Commonwealth Department of Transportation*, 551 Pa. 243, 710 A.2d 23 (1998), *reargument denied*, No. 96–61, 1998 Pa. Lexis 2001 (Pa. September 15, 1998), the court expressly adopted the three-prong test applied by the United States Third Circuit Court of Appeals in *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir.1994). The *Schroeder* court held:

> In deciding the proper penalty for the spoliation of evidence, the Third Circuit found relevant (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party, and (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct....

> Having considered this authority, we adopt the Third Circuit's approach to the spoliation of evidence in *Schmid*. Fashioning a sanction for the spoliation of evidence based upon fault, prejudice, and other available sanctions will discourage intentional destruction. The plaintiff's burden of proof at trial to establish that a defective product caused his injury will protect defendants in cases where it is determined that summary judgment is not warranted based upon spoliation.

*Schroeder*, 551 Pa. at 250–52, 710 A.2d at 27.

¶ 9 The test adopted in *Schroeder* is a balancing of all three prongs, based upon the facts of each specific case. In determining the applicability of the spoliation doctrine, a court cannot focus entirely on only one prong of the test, but must balance the facts of the case involved as to each prong. We find the trial court properly weighed the evidence as required by *Schroeder*.

■ ¶ 10 Applying the first prong, it appears that appellant, either through inadvertence or neglect, bears a degree of fault for the spoliation of the evidence. The purportedly defective box remained in the store throughout the day of the incident. Appellant inspected the box subsequent to the incident, and believed the box was defective. It is clear that appellant had the opportunity, and ability, to preserve the evidence by taking control or possession of the box before it was destroyed.[1] However, summary judgment is not mandatory simply because the plaintiff bears some degree of fault for the failure to preserve the product. As set out above, an examination of all three prongs of the *Schroeder* test is necessary to determine whether summary judgment is appropriate.

■ ¶ 11 As to the second prong of the test, it is clear that appellee is severely prejudiced by the destruction of the evidence in this instance. Appellant's own deposition testimony reveals she believed the box in question was manufactured differently than those she had opened in the past, because it appeared to have an excess amount of glue which rendered it unusually difficult to open. (R.R. 88a, 94a–97a.) As such, appellant alleges a manufacturing defect in the specific box, rather than a design defect of the entire

---

1. Where a plaintiff is not at fault for the destruction of the evidence, the courts have held that summary judgment may be inappropriate. *See generally Smitley v. Holiday Rambler Corp.*, 707 A.2d 520 (Pa.Super.1998) (where plaintiff specifically instructed proprietor of salvage yard to preserve vehicle); *Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904 (Pa.Super.1998) (where vehicle was stolen from police impound lot). However, where a plaintiff has possession of the product, summary judgment may be appropriate depending upon the degree of prejudice to the defendant and whether a lesser sanction would protect the defendant's rights.

product line.[2] When pursuing a cause of action for a manufacturing defect, the preservation of the product is even more crucial than when pursuing an action on the basis of a design defect. *See Sebelin v. Yamaha Motor Corp.*, 705 A.2d 904, 909 (Pa.Super.1998). However, a plaintiff may be permitted to proceed even in a manufacturing defect case without preservation of the product, depending upon the nature of the defect and the ability of the defendant to rebut the plaintiff's allegations without examining the product.

¶ 12 In *Dansak v. Cameron Coca–Cola Bottling Co., Inc.*, 703 A.2d 489 (Pa.Super.1997), we reversed the trial court's grant of summary judgment based on plaintiff's failure to preserve the broken bottle which caused her injuries. Although *Dansak* was decided pre-*Schroeder*, we utilized the same three-prong analysis found in *Schmid* to decide that plaintiff was not at fault for the destruction of the evidence, and that the nature of the defect in *Dansak* was such that it could be proven in the absence of preservation of the product, without substantial prejudice to the defendant. In *Dansak*, the product was delivered to the convenience store, and plaintiff was in the process of unloading the bottles for display. The plaintiff stated that she would have noticed, but did not notice, any other broken glass or liquid in the box that originally contained the broken bottle. The alleged manufacturing defect in *Dansak* was a broken soda bottle, which was defective when it left the manufacturer. The court in *Dansak* held that the plaintiff could establish the alleged defect through circumstantial evidence under the malfunction theory of products liability. Preservation of the product in that instance would not have made a difference in defendant's ability to defend the claim, since

the nature of the defect was such that an examination of the broken bottle was not necessary to defend the claim. The defect was simply the existence of the broken bottle, when it left the manufacturer.

¶ 13 In the instant case, appellant may not proceed without preservation of the product because the nature of the defect involved precludes the ability of the appellee to rebut appellant's allegations without examining the product. Since the allegation here is that this particular box was defectively manufactured in utilizing too much glue, appellee must be provided the opportunity to examine the box in order to determine the cause, nature, and extent of the alleged defect. Appellee is simply unable to rebut appellant's contention that there was too much glue present, or indeed how much glue is "too much," without such an examination of the box. Moreover, we question whether appellant can establish the manufacturing defect, the presence of too much glue, without the box.

¶ 14 Lastly, in applying the third prong of the *Schroeder* test, there is no lesser sanction able to be imposed which will protect appellee's rights in this case. As stated above, appellee is unable to determine whether the box was, in fact, defective, or the cause of any defect, without an opportunity to inspect the box. Due to the substantial prejudice to appellee, there is no lesser sanction to be imposed which will protect appellee's rights.

¶ 15 This prejudice effectively distinguishes this case from *Pia v. Perrotti*, 718 A.2d 321 (Pa.Super.1998). In *Pia*, a warehouse owner sued an electrical contracting firm following the destruction of her warehouse by an electrical fire. Plaintiff preserved only what she believed caused the fire, the faulty wiring in a metering cabi-

---

**2.** This case is therefore distinguishable from a design defect case, in which there are many products designed similarly to the one destroyed. *See Schroeder v. Commonwealth Department of Transportation*, 551 Pa. 243, 710 A.2d 23 (1998), *reargument denied,* No. 96–61,

1998 Pa. Lexis 2001 (Pa. September 15, 1998); *O'Donnell v. Big Yank, Inc.*, 696 A.2d 846 (Pa.Super.1997). Here, appellant is alleging that this box was different from other boxes manufactured by appellee.

net. The defendant raised the spoliation defense based on its inability to examine all the wiring in the warehouse. Following the denial of the defendant's motion for summary judgment, the case proceeded to trial, and the court gave a spoliation instruction to the jury. After a verdict for the defendant, plaintiff appealed based in part on the trial court's spoliation instruction. In finding no error by the trial court, this court weighed the *Schroeder* prongs and determined that even though the plaintiff was at fault for failing to preserve all the evidence, the defendant was not severely prejudiced because it could still adequately defend against the plaintiff's claims that the metering cabinet wiring caused the fire. Under the degree of sanction prong, this court determined that a charge to the jury was sufficient and proper. "We reach this decision after concluding that Appellant does bear some but not overwhelming responsibility for the lost equipment, and that Appellees were prejudiced, but not to the extent of being unable to present a viable defense." *Pia* at 321. Conversely, in the instant case we believe appellee was severely prejudiced by appellant's failure to preserve the box.

¶ 16 Therefore, we hold that the trial court properly weighed the factors to be applied pursuant to *Schroeder*, and did not abuse its discretion when it granted summary judgment in favor of appellee. Accordingly, we affirm the order of the trial court.

¶ 17 Affirmed.