J-A20040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CD REALTY ADVISORS, INC., CD REALTY ENTERPRISE DRIVE ASSOCIATES, LLC, AND SILVER LAKE OFFICE PLAZA, LLC, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| RILEY RIPER HOLLIN & COLAGRECO, P.C., JEANETTE N. SIMONE, ESQ., BRETT M. McCARTNEY, ESQ. BERGER HARRIS, LLC, BENJAMIN J. BERGER, ESQ., AND JOHN G. HARRIS, ESQ., | : : : : : : : | |
| Appellees | : | No. 3327 EDA 2013 |

Appeal from the Order entered on October 16, 2013
in the Court of Common Pleas of Philadelphia County,
Civil Division, No. 2508 December Term 2010

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 27, 2014**

CD Realty Advisors, Inc. ("CD Realty"), CD Realty Enterprise Drive Associates, LLC ("Enterprise"), and Silver Lake Office Plaza, LLC ("Silver Lake") (collectively, "Appellants"), appeal from the Order granting the Motion for Summary Judgment filed by Riley Riper Hollin & Colagreco, P.C. ("Riley Law Firm"), Jeanette N. Simone, Esquire, Brett M. McCartney, Esquire ("McCartney"), Berger Harris, LLC ("Berger Harris Law Firm"), Benjamin J. Berger, Esquire ("Berger") and John G. Harris, Esquire ("Harris") (collectively, "Appellees").  We affirm.

In 2005, CD Realty, on behalf of Silver Lake and Enterprise, entered into two Exclusive Agency Agreements ("Agreements") with Colliers, Lanard & Axilbund, LLC ("Colliers"), a real estate brokerage firm.[1] Colliers' president, Douglas Sayer ("Sayer"), is a licensed real estate agent in Delaware. The Agreements were signed by Don Berg ("Berg"), CD Realty's president, and Robert Steinhart ("Steinhart"), Colliers' senior vice president, who is not a licensed real estate broker.

The Agreements provided that Colliers would act as the exclusive real estate agent for commercial properties owned by Silver Lake and Enterprise in Delaware. Certain pre-existing leases between CD Realty as landlord and the State of Delaware as tenant were renewed while Colliers was acting as the real estate agent, after which Colliers demanded payment of commissions.

In 2007, Colliers filed a Complaint against Appellants, asserting breach-of-contract for failure to pay commissions (the "Underlying Action"). Appellants retained the Riley Law Firm to provide legal representation in their defense of the Underlying Action. At the subsequent bench trial, the Riley Law Firm argued that the Agreements were unenforceable under Delaware law because Colliers was not properly licensed, and that Colliers

---

[1] The Agreements were executed after almost a month of negotiations, which were led by Mary Beth Rowen ("Rowen") and Mark Chubb ("Chubb"), both of whom are licensed salespeople working as independent contractors for Colliers.

was not entitled to collect commission. After the parties submitted their proposed Findings of Fact and Conclusions of Law, Berger and Harris terminated their employment with the Riley Law Firm and founded the Berger Harris Law Firm. The Berger Harris Law Firm replaced the Riley Law Firm as counsel for Appellants in the Underlying Action.

On October 27, 2009, the trial court issued an Order and Opinion. The trial court held that Colliers was a fully licensed corporation under Delaware law, and that Steinhart's execution of the Agreements did not require a license. Accordingly, the trial court awarded damages to Colliers in the amount of $421,933.12, which included interest and counsel fees.

Neither the Riley Law Firm nor the Berger Harris Law Firm filed post-trial motions on behalf of Appellants. The Berger Harris Law Firm filed an appeal, which this Court quashed for failure to file post-trial motions. While the appeal was pending, Silver Lake and Enterprise initiated a capital call to Silver Lake Office Holdings, LLC ("Holding Company") in order to fund security for the bond. Appellants have an outstanding liability for those funds which they have not yet repaid.

The trial court set forth the background of the instant action as follows:

> In December 2010, [Appellants] filed the instant action against [Appellees]. The Amended Complaint filed by [Appellants], styled as a civil action for [legal malpractice], asserts the claims of breach-of-contract against all [Appellees], professional negligence against all individual [Appellees], and

vicarious liability against the Riley Law Firm and the Berger Harris Law Firm.

On the deadline for the filing of dispositive motions in the instant action, December 17, 2012, the Riley Law Firm filed a [M]otion for [S]ummary [J]udgment asking [the trial] court to enter judgment in favor of the Riley Law Firm, [Simone] and [McCartney]. Subsequently, on December 28, 2012, the Berger Harris Law Firm filed its [M]otion for [S]ummary [J]udgment asking [the trial] court to dismiss all claims asserted against the Berger Harris [Law Firm, Berger and Harris]. [Appellants] timely filed their responses in opposition to the two [M]otions for [S]ummary [J]udgment. On May 30, 2013, [the trial] court issued an Order denying the [M]otions for [S]ummary [J]udgment on the grounds that the court perceived the existence of issues of fact as to whether [Appellees] had apprised [Appellants] about the merits of certain defenses in the Underlying Action, and whether [Appellees] had explored the possibility of settlement in light of such potentially weak defenses. On June 25, 2013, the Riley Law Firm filed [a] [M]otion for [R]econsideration, and CD Realty timely filed it[s] response in opposition. On September 27, 201[3], a pre-trial conference was scheduled before [the trial] court. The court held oral arguments on the [M]otion for [R]econsideration and the Riley Law Firm and CD Realty argued their respective positions thereon….

Trial Court Opinion, 10/16/13, at 5-6 (footnotes omitted). The trial court granted the Riley Law Firm's Motion for Reconsideration and entered summary judgment in favor of Appellees.[2] The Appellants filed a timely Notice of Appeal.

On appeal, Appellants raise the following questions for review:

I. Whether the [trial c]ourt erred in determining as a matter of law that Appellants could not have succeeded in an appeal, had

_____

[2] Although the Berger Harris Law Firm, Berger, and Harris did not seek reconsideration or present oral argument, the trial court nevertheless entered summary judgment in favor of all Appellees. Appellants do not raise any issue with this procedure.

- 4 -

Appellees timely filed post-trial motions in the [U]nderlying [A]ction, by proving that the underlying broker agreements were illegal, void and unenforceable under Delaware law[?]

II. Whether the [trial c]ourt erred in determining as a matter of law that Appellants[] sustained no actual loss despite evidence that (1) each entity paid legal bills to Appellees in the [U]nderlying [A]ction; (2) each entity had a legal obligation to repay the loan made by their members to secure the bond to appeal the judgment entered in the [U]nderlying [A]ction; and (3) each entity had, in fact, either repaid or was in the process of repaying the loan by their members to secure the bond to appeal the judgment entered in the [U]nderlying [A]ction[?]

III. Whether the [trial c]ourt erred in determining as a matter of law that Appellants failed to show they suffered an actual loss as a result of Appellees['] collective failure to evaluate the Appellants' defenses, investigate settlement options and properly communicate with Appellants in the [U]nderlying [A]ction[?]

Brief for Appellants at 5 (issues renumbered for ease of disposition).

Summary judgment is proper where the pleadings, depositions, affidavits and materials of record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Weiner v. Am. Honda Motor Co.*, 718 A.2d 305, 307 (Pa. Super. 1998). We review the record in the light most favorable to the opposing party and resolve all doubts and reasonable inferences about the existence of an issue of fact in favor of the nonmoving party. *Telega v. Security Bureau, Inc.*, 719 A.2d 372, 375 (Pa. Super. 1998). We will reverse the grant of summary judgment only upon a clear abuse of discretion or error of law. *Tenaglia v. P & G, Inc.*, 737 A.2d 306, 307 (Pa. Super. 1999).

Because they are related, we will address Appellants' first two claims together. In their first claim, Appellants assert that the trial court erred in holding that Appellants could not have proven that the Agreements at issue in the Underlying Action were illegal and void. Brief for Appellant at 19. Appellants claim that the trial court improperly relied on the Findings of Fact and Conclusions of Law in the Underlying Action. *Id.* Specifically, Appellants challenge the determination that Colliers was a fully licensed brokerage firm. *Id.* Appellants, citing both statutory and common law, claim that the Agreements were illegal because Steinhart was not a Delaware-licensed broker. *Id.* at 20-21. Additionally, Appellants assert that a claim seeking commission is unenforceable where the signatory on the listing agreement is not licensed. *Id.* at 21. Further, Appellants argue that if Appellees had filed timely post-trial motions, the appellate court in the Underlying Action would have made a determination regarding the enforceability of the Agreements. *Id.* at 22.

In their second claim, Appellants claim that they suffered actual loss because Silver Lake and Enterprise had contributed to the funds the Holding Company had used to pay the judgment.[3] *Id.* at 19. Appellants also claim

---

[3] Appellants concede that the trial court's findings were correct as related to CD Realty, as CD Realty had admitted that it had not contributed to the Holding Company's funds, and had stated a belief that it had no obligation to repay the Holding Company. Brief for Appellant at 17. However, Appellants argue that the trial court incorrectly relied on statements made by CD Realty, which is merely one of the three Appellant companies. *Id.*

that Silver Lake and Enterprise suffered damages through payment of legal fees, totaling $240,000, to the Riley Law Firm and the Berger Harris Law Firm in the Underlying Action.  *Id.*  Additionally, Appellants argue that they sustained a loss of $50,000, which Silver Lake paid for the award of Colliers' legal fees.  *Id.*

The elements of a legal malpractice claim are well settled.

> A cause of action for legal malpractice contains three elements: the plaintiff's employment of the attorney or other grounds for imposition of duty; the attorney's neglect to exercise ordinary skill and knowledge; and the occurrence of damage to the plaintiff proximately caused by the attorney's misfeasance.…In essence, a legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a 'case within a case').

*Epstein v. Saul Ewing LLP*, 7 A.3d 303, 313 (Pa. Super. 2010) (citations and quotation marks omitted).

> An essential element to [a legal malpractice] cause of action is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm.  Damages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages.

*Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998) (citations omitted).

Initially, Appellants have established the first element of a legal malpractice claim.  Appellants employed all Appellees as counsel in various stages of the Underlying Action.  *See* Trial Court Opinion, 10/16/13, at 3-4.

Next, we must ascertain whether Appellants would have succeeded on appeal, had this Court not quashed the appeal for failure to filed post-trial motions.

When reviewing a judgment from a non-jury trial,

we must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

*Southwestern Penn. Reg'l Council Inc. v. Gentile*, 776 A.2d 276, 281 (Pa. Super. 2001) (citing *Hester v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 743 A.2d 926, 927 (Pa. Super. 1999)).

At the time the Agreements in the Underlying Action were executed, Delaware statutory law contained the following provision relating to the licensing of corporations:

**§ 2910. Issuance of a broker's certificate within a corporation**

Corporations, partnerships and associations shall not be licensed under this chapter, but nothing in this chapter shall prevent a corporation or partnership from acting as a real estate broker provided that every officer of the corporation and every member of any partnership *actually negotiating or attempting to negotiate the listing, sale, purchase, rental, exchange or lease of any real estate or of the improvements thereon, or collecting rents or attempting to collect, on behalf of said corporation or partnership*, shall be licensed as a broker or salesperson….

24 Del. C. § 2910 (2005) (emphasis added).[4]

Before the trial court in the Underlying Action, the Riley Law Firm argued, on behalf of Appellants, that the Agreements were unenforceable because Steinhart was not licensed as a real estate broker, and that Colliers was not entitled to collect commissions from renewal of the leases predating the execution of the Agreements. *See* Trial Court Opinion, 10/16/13, at 4. Nevertheless, the trial court held that Colliers is a fully licensed brokerage firm in Delaware. *See* Trial Court Opinion, 10/27/09, at 10. The trial court found that Colliers has satisfied the licensing requirements under section 2910. *See id.* The trial court further determined that Sayer is a licensed real estate broker in Delaware, and the two salespeople who negotiated the Agreement, Rowen and Chubb, are also licensed in Delaware. *See id.* While Steinhart was not a licensed broker, the trial court found that his involvement was limited to authorizing Colliers to enter into the Agreements. *See id.* Thus, the trial court found that he did not perform the actions

---

[4] At the time the Agreements were created, Delaware statutory law also included the following provision relating to the licensing of individuals:

**§ 2906. Certificate requirement**

**(a)** No person, partnership, association or corporation shall act as a real estate broker or real estate salesperson, or advertise or assume to act as such real estate broker or real estate salesperson without being registered and without a certificate of registration issued by the Commission.

24 Del. C. § 2906 (2005).

typical of a real estate broker, and his involvement in the formation of the Agreement did not require a license. ***See id.***; ***see also*** 24 Del. C. § 2906(a) (2005). The trial court in the Underlying Action held that Colliers was in compliance with the Delaware statutes, and Appellants failed to prove otherwise. ***See*** Trial Court Opinion, 10/27/09, at 10.

Upon our review of the relevant statutes and record in the Underlying Action, we conclude that the trial court acted within its discretion and did not commit an error of law in concluding that Colliers was properly licensed and could collect its commission. Here, Appellants have failed to provide any legal or factual basis to demonstrate that the trial court's conclusions would have been reversed on appeal had Appellees filed post-trial motions. Thus, Appellants have not proven that their appeal would have been successful absent Appellees' malpractice.[5]

Accordingly, we affirm the determination that this Court would have denied Appellants relief on appeal had Appellees filed post-trial motions in the Underlying Action. ***See*** Trial Court Opinion, 10/16/13, at 7-8. Because Appellants have not satisfied the second element, their legal malpractice

---

[5] Appellants cite to various Delaware cases to support their claim. However, upon our review, these cases are inapplicable to the case within a case.

cause of action fails.[6]

Because Appellants have not proven that Appellees were negligent in the course of the Underlying Action, Appellants have not demonstrated actual loss stemming from Appellees' actions. Further, Appellants' payment of attorneys' fees for Appellees' legal representation does not demonstrate loss where Appellees were not negligent in their representation. Thus, Appellants are not entitled to relief on their first two claims.

In their third claim, Appellants seem to raise a separate legal malpractice claim. Specifically, Appellants argue that Appellees negligently failed to investigate reasonable settlement options, and that their decision not to proceed with settlement was uninformed because Appellees did not communicate perceived weaknesses in the case. *Id.* at 23-24; *see also* ***Rizzo v. Haines***, 555 A.2d 58, 66 (Pa. 1989) (stating that an attorney must investigate all proposed settlement offers so his client can make an informed decision). Appellants assert that they suffered actual loss due to Appellees' failure to investigate settlement options. Brief for Appellant at 23. Appellants claim that counsel for Colliers suggested to McCartney that the

---

[6] We note that the Riley Law Firm was not representing Appellants at the time of the award in this case, and thus was not responsible for filing post-trial motions. Furthermore, in 2012, Appellants and the Berger Harris Law Firm entered into a Settlement Agreement and Joint Tortfeasor Release ("Settlement Agreement") that released all claims against the Berger Harris Law Firm, Berger, and Harris for any actions or omissions that occurred from October 1, 2009 forward. As the award in the Underlying Action was entered on October 27, 2009, the Settlement Agreement ostensibly released claims against the Berger Harris Law Firm, Berger, and Harris related to the failure to file post-trial motions.

suit could settle for $150,000 to $200,000, but that McCartney did not investigate the available settlement options. *Id.* at 24. Appellants point to Sayer's testimony that he would not have settled the Underlying Action for less than $850,000, then lowered that figure to $700,000. *Id.* Appellants argue that the significant difference between the two potential settlement figures raises an issue of material fact, and that the trial court in the Underlying Action erred in making the determination that Appellants had not suffered actual loss as a matter of law. *Id.* at 25.

The trial court determined that Appellants could not "recover under a theory of attorney malpractice because there is no evidence showing that Colliers would have settled for an amount lower than the judgment of $421,933.12...." *See* Trial Court Opinion, 10/16/13, at 10. The record confirms that Appellants can only speculate as to whether the Underlying Action would have settled if Appellees had informed them of a reasonable settlement option. Further, we note that Appellants do not dispute that when Berg was informed that Colliers indicated a settlement might be possible for approximately $150,000 to $200,000, he rejected that settlement range.

Because Appellants have not proven that a reasonable settlement offer existed in the Underlying Action, they cannot now succeed on a claim that Appellees were negligent in not communicating such an offer. *See* Trial

Court Opinion, 10/16/13, at 12 n.28. Thus, Appellants have not satisfied the second element of their legal malpractice claim and are not entitled to relief.

Based upon the foregoing, the trial court did not err in granting summary judgment in favor of Appellees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014